UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTONIO HARRIS,                    )
                                   )
                  Movant,          )
                                   )
        v.                         )  No.  4:13-CV-456 (CEJ)
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                  Respondent.      )

## MEMORANDUM

This matter is before the court on the motion of Antonio Harris to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  The United States has filed a response in opposition.

### I.  Background

On February 22, 2008, Harris was found guilty of possession of more than 50 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He was sentenced on May 16, 2008, to a 240-month term of imprisonment and a 10-year term of supervised release.  The judgment was affirmed on appeal. United States v. Harris, 557 F.3d 938 (8th Cir. 2009).  Harris filed the instant motion to vacate on March 11, 2013.

In his motion to vacate, Harris asserts a single claim of ineffective assistance of counsel.  He alleges that his attorney gave him faulty and erroneous advice which caused him to withdraw a plea of guilty he previously entered.  Harris contends that, because of counsel's deficient performance, he received a sentence of imprisonment that is twice as long as the sentence he would have received had he persisted in his guilty plea.

## II. Discussion

A one-year period of limitation applies to motions to vacate under § 2255. 28 U.S.C. § 2255(f). As relevant here, the one-year period begins to run from either (1) "the date on which the judgment of conviction became final" or (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1) and (3).

Harris's direct appeal was decided on March 12, 2009, and his conviction became final ninety days thereafter. See Muhammad v. United States, 735 F.3d 812, 814 (8th Cir. 2013) (for purposes of motion under § 2255, conviction becomes final after the 90-day period for filing a petition for a writ of certiorari has expired); United States v. Hernandez, 436 F.3d 851, 856 (8th Cir. 2006). Because Harris filed the motion to vacate more than ninety days after the decision on his direct appeal was issued, the motion is not timely under § 2255(f)(1). The question now becomes whether it is timely under § 2255(f)(3).

Harris's ineffective assistance claim is based on two recent Supreme Court decisions. The first is Missouri v. Frye, ___ U.S. ___, 132 S.Ct. 1399, 182 LEd.2d 379 (2012), in which the Court held that defense counsel has the duty to inform the defendant of formal plea offers from the prosecution and that failure to do so may constitute deficient performance under Strickland v. Washington, 466 U.S. 668 (1984).[1] The second case is Lafler v. Cooper, ___ U.S. ___, 132 S.Ct. 1376, 182 LEd.2d 389

---

[1]To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland, 466 U.S. at 687.

(2012), in which the Court held that the prejudice requirement of <u>Strickland</u> may be shown when an attorney's incompetent advices causes a defendant to reject a plea offer under terms that would have been less severe than the sentence actually imposed. The Eighth Circuit has held that neither <u>Frye</u> nor <u>Cooper</u> announced a new rule of constitutional law. <u>Williams v. United States</u>, 705 F.3d 293, 294 (8th Cir. 2013). Therefore, the one-year limitations period does not run from the date of those decisions. Harris's motion is untimely under § 2255(f)(3).

### III. Conclusion

For the foregoing reasons, the court concludes that motion and the files and records of this case show that Harris is not entitled to relief under 28 U.S.C. § 2255 based on the claim he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. <u>See</u> <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Harris has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014.